# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKLA JOSEPH, | CASE NO. 1:05-CV-00184-REC-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| J. S. WOODFORD, et al., | |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff Shakla Joseph ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000bb-1 (Religious Freedom Restoration Act). Plaintiff filed this action on February 9, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names California Department of Corrections Director Jeanne S. Woodford and Warden Derral G. Adams as defendants. Plaintiff is seeking money damages and injunctive relief.

### C. Plaintiff's Claims

#### 1. Access to the Courts Claim

In his complaint, plaintiff alleges that after being disciplined for refusing to cut his hair, he filed an inmate appeal challenging the grooming standards policy. Plaintiff alleges that although the second level response was dated August 20, 2004, he did not receive the response until September 13, 2004. Plaintiff's appeal was thereafter rejected at the Director's Level of review for being untimely. Plaintiff alleges that because exhaustion is required, the handling and delay of his appeal violated his right of access to the courts.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

///

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim *only if and when* plaintiff suffers an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually occurs, it is pure speculation that plaintiff's inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Accordingly, plaintiff's allegations concerning his attempts to utilize the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of access to the courts or for violation of any other constitutional right.

### 2. RFRA Claim

Plaintiff alleges that the grooming standards policy violates the Religious Freedom Restoration Act by substantially burdening the exercise of plaintiff's religion. The Religions Freedom Restoration Act of 1993 provided in relevant part that the "[g]overnment shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability" unless the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1. In 1997, RFRA was found to be unconstitutional. City of Boerne v. Flores, 521 U.S. 507, 536 (1997). Accordingly, plaintiff's RFRA claim fails as a matter of law.

### 3. Free Exercise and Equal Protection Claims

Plaintiff alleges that the grooming standards policy violates his rights under the Free Exercise Clause and the Equal Protection Clause of the Constitution. In 2004, the United States Court of Appeals for the Ninth Circuit held that the grooming standards policy regulating hair length is reasonably related to legitimate penological interests and is therefore constitutional. Henderson v. Terhune, 379 F.3d 709, 715-16 (9th Cir. 2004). Accordingly, plaintiff's free exercise and equal protection claims fail as a matter of law.

### D. Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional or other federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

///

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   October 31, 2005**            /s/ Sandra M. Snyder
icido3                          UNITED STATES MAGISTRATE JUDGE