# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKLA JOSEPH, | CASE NO. 1:05-CV-00184-AWI-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| J. S. WOODFORD, et al., | (Doc. 14) |
| Defendants. | |
| _____/ | |

I.    Findings and Recommendations Following Screening of Amended Complaint

     A.    Screening Requirement

     Plaintiff Shakla Joseph ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")).  Plaintiff filed this action on February 9, 2005. On November 1, 2005, the court dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted.  Plaintiff filed an amended complaint on December 7, 2005.

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4    exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

5    506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short

6    and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

7    8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

8    and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a

9    complaint only if it is clear that no relief could be granted under any set of facts that could be proved

10    consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately

11    prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may

12    appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

13    test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S.

14    232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

15    suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262

16    F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a

17    plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal

18    interpretation of a civil rights complaint may not supply essential elements of the claim that were not

19    initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

20    <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

21        B.    <u>Plaintiff's RLUIPA Claim</u>

22        The events at issue in the instant action allegedly occurred at the California Substance Abuse

23    Treatment Facility and State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff

24    alleges that he is a Rastafarian Nazarite and is prohibited by his religion from cutting his hair.

25    Plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") has a

26    grooming regulation which mandates that male inmates' hair be no longer than three inches.

27    Plaintiff alleges that he has been subject to progressive discipline for failing to comply with the

28    grooming regulation, which burdens the exercise of his religion.

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
(1) is in furtherance of a compelling government interest; and
(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.  Under RLUIPA, plaintiff bears the initial burden of demonstrating that the grooming regulation "and its punitive sanctions designed to coerce him to comply with that policy constitute a substantial burden on the exercise of his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  If plaintiff meets his burden, defendants bear the burden of demonstrating that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.  The Ninth Circuit has ruled that "punishments to coerce a religious adherent to forgo her or his religious beliefs is an infringement on religious exercise." Id. at 996.

Plaintiff's allegations are sufficient to give rise to a claim for relief for violation of RLUIPA against defendants Daviega, Pursell, Hooker, Fulks, Anderson, Flore, and Adams because plaintiff has alleged facts supporting a claim that they burdened the practice of his religion via their involvement in disciplining him for failing to comply with the grooming regulation.  However, plaintiff has not alleged any facts indicating that defendants Schwarzenegger, Woodford, and Hickman were personally involved in the violation of plaintiff's rights.

Neither the state nor state officials acting in their official capacities are persons under section 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  However, state officials acting in their officials capacities are persons under section 1983 if the claim is one for prospective injunctive relief.  Id. at 71 n.10.  As discussed in the preceding paragraph, plaintiff has not alleged any facts suggesting the personal involvement of defendants Schwarzenegger, Woodford, and Hickman, and an official capacity suit against them is barred unless plaintiff is seeking prospective relief.  In this instance, plaintiff has not alleged any such claim.  To the extent that plaintiff's

1  requests for a rehearing on his disciplinary violations, removal of all references to the violations from

2  plaintiff's central file and other files, and a review of plaintiff's case factors for parole suitability

3  constitute requests for prospective relief,[1] there is no indication that Schwarzenegger, Woodford, and

4  Hickman are able to provide the requested relief and as such are proper defendants.  Schwarzenegger

5  is the governor and Woodford and Hickman are both former Directors of CDCR.  Defendant Adams,

6  as the warden of CSATF, appears to be the one in the position to provide those forms of relief,

7  should plaintiff prevail in this action.   Therefore, the court shall recommend that defendants

8  Schwarzenegger, Woodford, and Hickman be dismissed from this action on the grounds that they

9  are not persons within the meaning of section 1983 and the exception for claims seeking prospective

10  injunctive relief is not applicable.   In addition, although he does not name them as defendants,

11  plaintiff alleges in his complaint that the State of California and CDCR are liable to him.  Plaintiff

12  may not pursue any claims for relief against the state and CDCR because they are not persons within

13  the meaning of section 1983.  Id. at 71.

14        In addition to seeking damages and the forms of injunctive relief set forth above, plaintiff is

15  seeking declaratory relief and an injunction prohibiting enforcement of the grooming regulation

16  against plaintiff.  "[T]he basis for injunctive relief in the federal courts [is] . . . irreparable injury and

17  the inadequacy of legal remedies."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982).

18  Further, a declaratory judgment may only issue if there exists "a case of actual controversy" before

19  the court.  28 U.S.C. § 2201(a); Societe de Conditionnement en Aluminium v. Hunter Engineering

20  Co., Inc., 655 F.2d 938, 942 (9th Cir. 1981).  "A case or controversy exists justifying declaratory

21  relief only when 'the challenged government activity is not contingent, has not evaporated or

22  disappeared, and, by its continuing and brooding presence, casts what may well be a substantial

23  adverse effect on the interests of the petitioning parties.'"  Headwaters, Inc. v. Bureau of Land

24  Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (quoting Super Tire Engineering

25  Co. v. McCorkle, 416 U.S. 115, 122 (1974)).

26

27        [1] As discussed in the following paragraphs, plaintiff's claim for declaratory relief and an injunction
28  prohibiting enforcement of the grooming regulation against plaintiff have been rendered moot by an amendment to
the regulation.

4

On January 17, 2006, CDCR made an emergency amendment to the grooming regulation, which now permits inmates to wear their hair as long as they want to as long as the face is not obscured.  Cal. Code Regs., tit. 15 § 3062(e) (2006).  Based on this amendment, plaintiff's claims for declaratory relief and an injunction prohibiting enforcement of the grooming regulation against plaintiff are now moot.

C.    Conclusion

The court finds that plaintiff's amended complaint states a cognizable claim for relief under RLUIPA against defendants Daviega, Pursell, Hooker, Fulks, Anderson, Flore, and Adams. However, the court finds that plaintiff's amended complaint does not state a cognizable claim for relief against defendants Schwarzenegger, Woodford, Hickman, the State of California, and the California Department of Corrections and Rehabilitation, or for declaratory relief and an injunction prohibiting enforcement of the grooming regulation.  Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1.    This action proceed on plaintiff's amended complaint, filed December 7, 2005, against defendants Daviega, Pursell, Hooker, Fulks, Anderson, Flore, and Adams on plaintiff's RLUIPA claim;

2.    Defendants Schwarzenegger, Woodford, and Hickman, and the State of California and the California Department of Corrections and Rehabilitation to the extent they are defendants, be dismissed from this action on the ground that they are not persons within the meaning of section 1983; and

3.    Plaintiff's claims for declaratory relief and an injunction prohibiting enforcement of the grooming regulation be dismissed as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///

1   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2   1153 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5   **Dated:    June 16, 2006**                              **/s/ Sandra M. Snyder**
    icido3                                             UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28