# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKLA JOSEPH, | CASE NO. 1:05-cv-00184-LJO-SMS PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| J. S. WOODFORD, et al., | (Doc. 35) |
| Defendants. | |

## I.     Procedural History

Plaintiff Shakla Joseph ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")).  This action is proceeding on plaintiff's amended complaint, filed December 5, 2005, against defendants Daviega, Pursell, Hooker, Fulks, Anderson, Flore, and Adams ("defendants") for violation of plaintiff's rights under RLUIPA.  On August 24, 2007, defendants filed a motion to dismiss for failure to exhaust.  Fed. R.Civ. P. 12(b).  Plaintiff filed an opposition on October 15, 2007.[1,2]

///

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 20, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 25.)

[2] In light of the granting of defendants' motion to dismiss, and the failure of plaintiff to address the merits of defendants' motion in his opposition, there is no prejudice to defendants in the issuance of this order prior to receipt of their reply, if any.  Local Rule 78-230(m).

1

## II. Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

## III. Defendants' Motion to Dismiss for Failure to Exhaust

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section

2

1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The events at issue in the instant action allegedly occurred at the California Substance Abuse Treatment Facility and State Prison-Corcoran in 2004. Plaintiff alleges that he is a Rastafarian Nazarite and is prohibited by his religion from cutting his hair. Plaintiff alleges that the California Department of Corrections and Rehabilitation ("CDCR") has a grooming regulation which mandates that male inmates' hair be no longer than three inches. Plaintiff alleges that he has been subject to progressive discipline for failing to comply with the grooming regulation, which burdens the exercise of his religion.

In his amended complaint, plaintiff alleges that although his inmate appeal form indicates he received it back from the second level of review on August 20, 2004, he did not receive it back until September 13, 2004. (Doc. 14, C.R. pg. 6.) In submitting his appeal to the third and final level of review, plaintiff stated on the form that the appeal was submitted on October 4, 2004, instead of September 28, 2004, because of law library abnormalities. (Id., C.R. pg. 25.)

Defendants argue that they are entitled to dismissal of this action because plaintiff did not exhaust his RLUIPA claim against them. In support of their motion, defendants submit evidence that plaintiff filed an appeal grieving the grooming policy on the ground that it violated his religious beliefs. (Doc. 35-2, Court Record pg. 17.) The appeal, log number SATF-F-04-02030, was denied at the second level of review on August 16, 2004, and returned to plaintiff on August 20, 2004. (Id., C.R. pgs. 18 & 26.) Plaintiff subsequently submitted it to the third and final level of review, where it was rejected as untimely in a letter dated December 23, 2004. (Id., C.R. pg. 11.) Defendants submit evidence that other than this appeal, plaintiff did not submit any other appeals to the third level of review in 2004 or thereafter, and did not submit any other appeals at the institutional level in 2004. (Id., Grannis Dec., ¶10, C.R. pg. 4; Hall Dec., ¶14, C.R. pg. 15.) Defendants also contend that it is unnecessary to access the law library to submit an appeal to the third level. (Id., Hall Dec., ¶12.)

"[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and

other critical procedural rules . . . ," id. at 2386. Time limits for completion of appeals commence upon receipt of the appeal form by the appeals coordinator or the appellant. Tit. 15 §§ 3084.6 (a). Weekends and state holidays do not count as working days, and in computing days, the first day is excluded and the last day is included. Tit. 15 § 4003(j).

If plaintiff received his appeal back from the second level on September 13, 2004, as he alleges in his amended complaint, the appeal form was due on or before October 4, 2004, and was dated October 4, 2004, by plaintiff. However, there is no evidence that plaintiff explained to the appeals coordinator at the third level that the appeal was not received on August 20, 2004, as the appeal form itself indicates, and there is no evidence that after receiving the rejection letter, plaintiff sought assistance at the institutional level or at the third level on the ground that his appeal was in fact timely because it was not received until September 13, 2004.

Based on the record in this action, the appeals coordinator at the third level of review would not have known of any dispute over the date the appeal was received by plaintiff, and based on the applicable regulations and the appeal form itself, did not therefore wrongfully reject the appeal. The alleged date of receipt of the second level appeal response cannot now shield plaintiff from dismissal of this suit based on wrongful rejection of his appeal as untimely when he did not seek to shield himself from the rejection based on untimeliness by (1) notifying the appeals coordinator of the problem in the appeal itself or (2) challenging the rejection of his appeal as wrongful in light of his position that he did not receive the appeal response back until September 13, 2004.

When there are procedural rules in place governing a process, plaintiff bears the responsibility of informing authorities if things are not what they seem to be in terms of his compliance with those procedural rules. In this instance, there is no evidence that plaintiff took any steps to prevent the misunderstanding over the timeliness of his appeal to the third level or to correct the misunderstanding after it occurred. Plaintiff's explanation in the appeal that it was submitted on October 4, 2004, rather than September 28, 2004, is of no service to him, as the appeals coordinator would have thought the appeal form was due on or before September 13, 2004, tit. 15 § 4003(j), and there is no evidence or argument that law library access is relevant or even necessary to submit an appeal.

**IV.     Conclusion**

For the reasons set forth herein, defendants have met their burden as the parties moving for dismissal. Plaintiff has not met his burden of demonstrating that exhaustion occurred or that his failure to exhaust is excusable under an applicable legal theory. The allegations and exhibits contained in the amended complaint are not sufficient to raise a dispute and plaintiff's opposition does not set forth any relevant arguments or evidence.

Therefore, based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss for failure to exhaust, filed August 24, 2007, is GRANTED; and

2. This action is dismissed, without prejudice, for failure to exhaust.

IT IS SO ORDERED.

**Dated:     October 19, 2007**                    /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE